```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
                        ATLANTA DIVISION
```

UNITED STATES OF AMERICA ex rel. :
COMFORT FRIDDLE and STEPHANIE :
KENNEDY, :
                                             :     CIVIL ACTION
    Plaintiff-Relators, :
                                             :     NO. 1:06-CV-3023-WBH-ECS
v. :
                                             :
GREGORY HICKS and CARL WRIGHT, :
                                             :
    Defendants. :

**O R D E R**

**I.**
**Introduction**

    In this civil action, Plaintiff-Relators ("Relators") Comfort Friddle and Stephanie Kennedy, for themselves and on behalf of the United States, allege that Defendants violated the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq., by knowingly engaging in a pattern of fraudulent activity and business practices that resulted in false applications for mortgage guarantees being presented to the U.S. Department of Housing and Urban Development. See generally [Doc. 114]. Defendants Taylor, Bean & Whitaker Mortgage Corporation ("TBW") and Home America Mortgage, Inc., ("HAM") have been terminated from the case following a joint stipulation of voluntary dismissal of all claims asserted against them. See [Doc. 239]. This matter is presently before the Court on Relators' opposed motion for sanctions against Defendant Carl Wright and his counsel Wilmer

Parker, III. [Doc. 207].

Relators also filed a motion for leave to file excess pages with their reply in support of their motion for sanctions. [Doc. 217]. No response to this motion for leave was filed; thus, the motion is deemed unopposed. See LR. 7.1B, NDGa. Accordingly, Relators' unopposed motion for leave to file excess pages, [Doc. 217], is **GRANTED**. For the reasons expressed below, Relators' motion for sanctions, [Doc. 207], is **DENIED.**

## II.
## Relators' Motion for Sanctions

**A.  Background**

On January 10, 2013, Relators served Defendant Carl Wright with their First Request for Production of Documents ("RFP"). See [Doc. 149]. Among the documents requested were the following:

> 2. All documents relating to loans for which you acted as closing attorney that were originated by HAM.
>
> 3. Any and all communications sent or received by you to or from Greg Hicks, Dennis Moseley, members of Hicks Team, HAM or any of its former employees, and/or TBW or any of its former employees.

See [Doc. 174 at 3].

On February 7, 2013, Defendant Wright responded and objected to the above document requests, stating that the documents were not in his custody and control. See [Doc. 174-1]. Wright explained that, on September 1, 2010, he entered guilty pleas to federal mortgage-

fraud-related felonies, see United States v. Wright, 1:10-CR-354-01-WSD (N.D. Ga.), and was incarcerated and unavailable to obtain custody of the files of his former law practice, which would be responsive to Relators' RFP Number 2. See [Doc. 174-1 at 4-5]. Wright further stated that all of his files, including approximately 10,000 loan closing files, were then stored in a facility in Loganville, Georgia. According to Wright, the storage facility was under the control of Jim York, a resident of Texas. Wright stated that the files in question would be maintained in alphabetical order based on the borrower's last name. [Id. at 5].

In addition, Wright stated that, even if the documents were within his control, "the search for the requested documents would violate the attorney-client privileges of others not a party to this cause of action"; "the search and production of requested documents, absent a protective order, would violate the privacy rights of others not a party to this cause of action"; and "unless the bankruptcy Trustee waives the attorney-client privilege, the search and production of Defendant Home America Mortgage loan files would violate its rights." See [Doc. 174-1].

Defendant Wright also objected, in response to the RFPs, to the "relevant period" referred to in Relators' document requests, which was defined by Relators as "2002 to present." Wright stated that Relators' have not claimed that any false claims were made after

3

Defendants TBW and HAM sought bankruptcy protection on November 25, 2009. Therefore, according to Wright, "[c]learly, the relevant temporal scope of the cause of action ends in November, 2009." [Doc. 174-1 at 3].

On February 26, 2013, Relators moved to compel Defendants Wright and Hicks to produce the responsive documents. [Doc. 174]. In their motion, Relators offered to limit their RFP Number 2 to Defendant Wright to the seventy (70) loan closing files already identified in the Government's Proof of Claim in the HAM/TBW bankruptcy proceedings. [Id. at 4]. The motion did not request an award of attorney's fees for bringing the motion.

On August 8, 2013, the undersigned granted Relators' motion to compel and directed Defendant Wright to produce the responsive documents for inspection and review within thirty (30) days. See [Doc. 204]. In granting the motion to compel, the Court rejected Defendant Wright's objection based upon lack of custody; found that Wright had control over the records sought by Relators; and found that Wright "must obtain the responsive documents and produce, or have produced, any documents responsive to Relators' request for production as a result of that effort." [Id. at 18]. The Order further directed that "[a]s for documents that may be protected from disclosure by the attorney-client privilege, Defendant Wright can seek to obtain a waiver from the Bankruptcy Trustee [on behalf of

4

HAM], or he may elect to examine the files, determine which are privileged, and produce all non-privileged documents together with a privilege log." [Id. at 18-19]. The Court also rejected Wright's objection to the temporal scope of the document requests and directed Wright to produce all responsive documents regardless of when they were created. [Id. at 19]. The undersigned allowed Defendants thirty days (until September 4, 2013) to complete production of responsive documents and a privilege log. [Id.]. Defendant Wright then produced nineteen loan files for Relators' inspection on September 3, 2013, in response to RFP Number 2. [Doc. 207 at 5; Doc. 211 at 4-6].

On September 9, 2013, counsel for Relators emailed Mr. Parker to inquire about Defendants' supplemental responses and production of documents responsive to RFP Number 3. [Doc. 281-5]. The same day, Mr. Parker responded, "I have been informed by both clients [Hicks and Wright] that neither has any material to produce." [Id.]. On September 16, 2013, Relators filed the instant motion for sanctions against Defendant Wright and his counsel, Mr. Parker, for having "openly violated this Court's Order and hav[ing] engaged in numerous dilatory tactics, unreasonably and vexatiously multiplying these proceedings." [Doc. 207 at 2]. Relators seek sanctions under Federal Rule of Civil Procedure 37, 28 U.S.C. § 1927, and the Court's inherent power to impose sanctions where a litigant has engaged in

5

bad-faith conduct. [Doc. 207 at 2]. Additionally, Relators ask that the Court require Mr. Parker and Defendant Wright "to conduct a more adequate search for the files and responsive documents that this Court has already Ordered to be produced." [Id. at 15].

## B.   Sanctions Under Federal Rule of Civil Procedure 37(b) and 28 U.S.C. § 1927

Relators seekسanctions for noncompliance with the Court's order of August 5, 2013, under Rule 37 of the Federal Rules of Civil Procedure, and for vexatious litigation under 28 U.S.C. § 1927. See [Doc. 207].

Relators first argue that Defendant Wright should be sanctioned under Rule 37 because he has failed to comply with the Court's Order of August 5, 2013, ordering him to produce seventy (70) loan files and supplemental responses to their RFPs. [Id. at 3]. Relators allege that they provided Wright with an alphabetical list of seventy loan files, and that he has produced only nineteen (19) of those files, six (6) of which were not requested in the RFPs. They allege that he also produced no supplemental responses to their RFPs. [Id. at 3-6]. Further, given that Wright is currently incarcerated, Relators contend that Mr. Parker should have conducted a sufficient search of Wright's files on behalf of his client and should be sanctioned as well. [Id. at 6]. Relators' factual allegations within the motion are not supported by any affidavits

6

attesting to the facts.

In response, Defendant Wright and Mr. Parker do not challenge Relators' contention that Wright produced only thirteen responsive loan closing files. Instead, they argue that they have not violated the Court's August 5 Order and are substantially justified in failing to make complete production of the compelled documents. [Doc. 211 at 8].

Relators also contend that Mr. Parker should also be sanctioned under 28 U.S.C. § 1927, which provides for sanctions against an attorney who unreasonably and vexatiously multiplies proceedings, because he has wasted the Court's time and multiplied proceedings by making frivolous objections to Relators' discovery requests. [Id. at 8]. Mr. Parker responds that he did not act in bad faith or multiply the proceedings unreasonably and vexatiously. [Doc. 211 at 13].

Rule 37 authorizes sanctions against a party who fails to obey an order to provide or permit discovery. See Fed. R. Civ. P. 37(b). Rule 37(b) permits the court to enter an order: (1) designating the matters at issue as established in favor of the prevailing party; (2) prohibiting a disobedient party from asserting a claim or defense or from introducing evidence on a particular matter; (3) striking pleadings; (4) staying proceedings; (5) dismissing the action; (6) rendering a default judgment against the disobedient

7

party; or (7) making a finding of contempt of court. See Fed. R. Civ. P. 37(b)(2)(A). In addition, "[i]nstead of or in addition to the[se] orders..., the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Section 1927 of Title 28 provides for a counsel's liability for excessive costs:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Before a Court may award sanctions against an attorney under this statute, it must find that: (1) the attorney engaged in unreasonable and vexatious conduct; (2) the attorney's conduct multiplied proceedings; and (3) the sanctions do not exceed the costs incurred due to the objectionable conduct. Schwartz v. Million Air, Inc., 341 F.3d 1220, 1225 (11th Cir. 2003). "For sanctions under section 1927 to be appropriate, something more than a lack of merit is required." Id. This provision was "designed to sanction attorneys who willfully abuse the judicial process by conduct tantamount to bad faith." Id. (internal quotation marks

omitted) (reversing district court's imposition of sanctions where attorney unreasonably, but not vexatiously, relied on representations of a foreign attorney). A finding of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims. Amlong & Amlong v. Denny's, Inc., 500 F.3d 1230, 1242 (11th Cir. 2007); see also Thomas v. Tenneco Packaging Co., Inc., 293 F.3d 1306, 1320 (11th Cir. 2002).

In response to the Court's order of August 5, 2013, Defendant Wright turned over nineteen loan closing files to Relators. Because Mr. Wright is incarcerated and unable personally to produce any responsive documents, he appointed his brother, Tim Wright, as his agent to go to the storage facility, locate, and produce the documents. [Doc. 211 at 5]. Mr. Tim Wright's affidavit attests to the efforts he made to locate and produce the files. [Doc. 211-3]. Mr. Tim Wright explained that, after two six-hour days of searching for files, he and another real estate professional were only able to locate nineteen files because the storage unit was in "shambles," and the files were not in alphabetical or chronological order. [Id. at 3]. It is uncontroverted that Mr. Parker offered Relator's counsel the opportunity to participate in the search of the storage unit for whatever documents Relators' counsel deemed responsive. See

[Doc. 218-3 at 2]. But Relators' counsel declined, taking Mr. Parker's word that the storage unit was "in shambles." [Id. at 1].

Mr. Parker also sent an email on September 9, 2013, to Relators' counsel stating that he was informed by "both clients that neither has any material to produce" in response to RFP Number 3. [Doc. 218-5]. Defendant Wright maintains that his "responsive documents, if he has any, are in the storage unit." [Doc. 211 at 12].

The above facts are not sufficient to warrant a finding that Defendant Wright resisted discovery or failed to comply with the Court's order of August 5, 2013, that would justify sanctions against him under Rule 37. Although Defendant Wright has literally failed to comply with the Court's order of August 5, 2013, directing him to produce the seventy documents responsive to Relators' discovery requests, the undersigned finds that Defendant Wright made a good faith effort to produce the responsive documents. As for the adequacy of Defendant Wright's production in connection with the Court's order, Defendant Wright turned over all of the responsive loan closing files that Mr. Tim Wright could find in the storage unit after extensive searching and informed Relators' counsel that other files may exist in the storage unit. [Doc. 218-3].

No evidence has been submitted to suggest that any documents have been deliberately withheld. Indeed, Mr. Parker offered to make

the storage unit available to Relators' counsel, and Relators' counsel declined to go to the storage unit to search for the documents they seek. And this fact — that they could have participated in the search of the storage unit, but did not, suggests that Relators may be more interested in making a case for monetary sanctions, particularly against a solvent attorney, than they are in obtaining the sought-after documents.

It is true that Defendant Wright should have filed a supplemental response to Relators' RFPs stating that he had no additional documents or could not locate them in the storage unit. Considering the totality of the circumstances, however, the Court declines to sanction Defendant Wright under Rule 37 for his good faith effort to respond to the Court's order of August 5, 2013. See Searock v. Stripling, 736 F.2d 650, 654 (11th Cir. 1984) (finding that district court erred in imposing sanctions for discovery conduct under Rule 37(b) because, among other things, defendant made a good faith effort to obtain the documents sought and no evidence existed to show that he acted willfully in failing to produce documents).

Furthermore, sanctions against Mr. Wright's counsel, Mr. Parker, under Rule 37 are not appropriate. Mr. Parker is not a party to this case; he is the attorney for Defendants Wright and Hicks. The Court did not order Mr. Parker to search for and produce Mr.

11

Wright's files for Relators in the order of August 5, 2013. See [Doc. 204]. The Order was directed to Mr. Wright. No obligation was imposed on Mr. Parker to produce Defendant Wright's documents. Production is to be made by the parties. See Fed. R. Civ. P. 34 ("a party" may request production of documents and things from "any other party"). Instead, Mr. Parker's obligation is to represent his clients, and in that role he may not be involuntarily required by Relators to authenticate or attest to the completeness of Mr. Wright's discovery responses.

Nor will the Court impose sanctions against Mr. Parker under 29 U.S.C. § 1927. The Court has already ruled on Relators' motion to compel discovery based on the objections by Defendant Wright that Relators now complain of, again, in the instant motion. See [Doc. 207 at 12]. Relators did not seek an award of expenses in their underlying motion to compel upon which the Court's Order was issued. See [Doc. 174]. And in determining Relators' motion to compel, the Court did not find Defendant Wright's objections to be frivolous, or that his responses merited sanctions. See [Doc. 204]. The time to have raised these arguments relating to the motion to compel has passed. Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir. 1997) (section 1927 not a "catch-all" provision for sanctioning objectionable conduct by counsel).

Therefore, the motion for sanctions against Defendant Wright

12

on the grounds that he failed to comply with the Court's order of August 5, 2013, is **DENIED**. Additionally, the motion for sanctions against Mr. Parker under Rule 37 for failing to produce Wright's responsive documents and under 28 U.S.C. § 1927 for vexatiously multiplying the proceedings is **DENIED**.

### III.
### Conclusion

For the foregoing reasons, Relators' motion for sanctions against Defendant Wright and his counsel Mr. Parker under Rule 37, 28 U.S.C. § 1927, and the Court's inherent powers, [Doc. 207], is **DENIED**. No expenses or attorney's fees will be awarded in connection with the motion for sanctions. Any failures in compliance with this Court's Order were substantially justified, and other circumstances discussed herein also make an award of expenses unjust. Relators' motion for leave to file excess pages with their reply in support of their motion for sanctions, [Doc. 217], is **GRANTED.**

There being no further outstanding discovery matters before the undersigned, the Clerk is **DIRECTED** to terminate the referral to the undersigned.

**SO ORDERED**, this 27th day of August, 2014.

    s/ *E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)